WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jack Cantrell,<br><br>              Petitioner,<br><br>v.<br><br>Patrick Pogue, et al.,<br><br>              Respondents. | No. CV-14-1504-PHX-SRB (ESW)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE SUSAN R. BOLTON, UNITED STATES DISTRICT JUDGE:**

      Pending before the Court is Jack Cantrell's ("Petitioner") amended Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (the "Amended Petition") (Doc. 6). Respondents have filed their Answer (Doc. 14) and Petitioner has filed a Reply (Doc. 15). The matter is deemed ripe for consideration.

      Petitioner raises three grounds for habeas relief in the Amended Petition. Respondents do not argue, and the undersigned does not find, that the Amended Petition is barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214.[1] The undersigned, however, finds that two of the grounds are not cognizable on habeas review. The undersigned

---

[1] The one-year statute of limitations for a state prisoner to file a federal habeas petition is codified at 28 U.S.C. § 2244(d).

further finds that all three grounds are barred from review. It is therefore recommended that the Amended Petition be dismissed with prejudice.

## I.  BACKGROUND

### A.  Convictions and Sentencing

On September 13, 2007, the Maricopa County Grand Jury indicted Petitioner on three counts of sexual assault (a class 2 felony) and one count of kidnapping (a class 2 felony) (the "2007 Criminal Case"). (Doc. 14-1 at 2-4). On May 6, 2008, the Maricopa County Grand Jury indicted Petitioner on two counts of sexual assault, one count of kidnapping, and one count of assault (a class 1 misdemeanor) (the "2008 Criminal Case"). (*Id*. at 7-8). Both indictments are based on events that took place in 1998 and involved two separate adult female victims.

On June 3, 2009, Petitioner filed a "Motion to Dismiss for Time Bar," in which Petitioner argued that the 2007 and 2008 Criminal Cases should be dismissed as the State charged Petitioner for sexual assault after the applicable seven-year statute of limitations had expired. (*Id*. at 11-40). In its response, the State asserted that the indictments were timely as to the sexual assault and kidnapping charges. (*Id*. at 42-47). Regarding the sexual assault counts, the State asserted that the statute of limitations did not begin to run until the defendant's identity was known on June 24, 2004. (*Id*. at 44-46). In addition, the seven-year statute of limitations for sexual assault offenses was eliminated by a statutory amendment that became effective on August 9, 2001. Citing to U.S. Supreme Court and Arizona case law holding that an extension of a non-expired statute of limitations is permissible, the State asserted that the amended statute may be retroactively applied to Petitioner's sexual assault offenses. (*Id*.).

Regarding the kidnapping count in the 2008 Criminal Case, the State explained that while the statute of limitations is seven years, Petitioner was timely indicted because the limitations period was tolled until June 24, 2004 (the date Petitioner was identified as the perpetrator). (*Id*. at 46). The State conceded that the misdemeanor assault charge should be dismissed. (*Id*. at 47).

The trial court denied Petitioner's Motion to Dismiss as to the sexual assault and kidnapping charges, explaining that "[Petitioner's] identity was not known until 2004. The statute of limitations had not expired in 2001 when the statutory amendment removing the statute of limitations from class 2 felonies, including Sexual Assault took effect." (*Id*. at 50). The trial court granted the Motion to Dismiss as to the misdemeanor count of assault. (*Id*. at 51). Petitioner filed a petition for special action regarding the trial court's ruling in the Arizona Court of Appeals, which the court dismissed on July 9, 2009. (*Id*. at 59).

On January 15, 2010, Petitioner entered into plea agreements for both cases. Regarding the 2007 Criminal Case, Petitioner agreed to plead guilty to Amended Count 1 (amended to *attempted* sexual assault, a class 3 felony). (*Id*. at 62-64). As to the 2008 Criminal Case, Petitioner agreed to plead guilty to Amended Counts 1 and 2 (amended to *attempted* sexual assault). (*Id*. at 66-69). The trial court held a change of plea hearing and accepted Petitioner's guilty pleas. (*Id*. at 71-72, 74-76). On March 3, 2010, the trial court sentenced Petitioner in both criminal cases. The court sentenced Petitioner to lifetime probation for attempted sexual assault on Amended Count 1 in the 2007 Criminal Case. (*Id*. at 78-81). In the 2008 Criminal Case, the court sentenced Petitioner to lifetime probation for attempted sexual assault on Amended Count 1 and to 8.75 years for attempted sexual assault on Amended Count 2. (*Id*. 83-87).

**B. Post-Conviction Relief**

After sentencing, Petitioner submitted a notice of post-conviction relief ("PCR"),[2] which is filed-stamped April 29, 2010. (*Id*. at 99-101). Petitioner filed a pro se PCR petition on December 1, 2010. (*Id*. at 103-26). Petitioner argued that his convictions for attempted sexual assault should be "dismissed for time bar" as the 2001 statutory

---

[2] Under Arizona law, a defendant in a non-capital case who pleads guilty waives his or her right to a direct appeal. S*ee* ARIZ.REV.STAT. § 13–4033(B). A plea-convicted defendant, however, is entitled to a Rule 32 (PCR) of-right proceeding. *See* Ariz. R. Crim. P. 32.1 and 32.4.

- 3 -

amendment that eliminated the statute of limitations for sexual assault did not apply to attempted sexual assault. (*Id*. at 111-14, 140-43). The trial court dismissed the PCR proceeding on August 1, 2011, finding that the claims are precluded because they were previously raised and decided on the merits. (*Id*. at 145). The trial court further held that (i) Petitioner waived any challenges to non-jurisdictional defects in the trial court proceeding by pleading guilty and (ii) the claims are meritless. (*Id*. at 145-46). Petitioner petitioned the Arizona Court of Appeals for review, which denied review on April 5, 2013. (*Id*. at 173). The Arizona Supreme Court denied review on August 20, 2013. (*Id*. at 223).

On July 7, 2014, Petitioner sought federal habeas relief by filing a Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc. 1) (the "Original Petition"). The Court dismissed the Original Petition with leave to amend as Petitioner failed to name proper Respondents. (Doc. 4 at 1-2). Petitioner filed the Amended Petition (Doc. 6) on August 15, 2014, which the Court required Respondents to answer.

## II.  FEDERAL HABEAS LAW

Federal law "unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) *(*per curiam*)* (quoting 28 U.S.C. § 2254(a)). Accordingly, in reviewing a habeas petition, a federal court cannot reexamine state-court determinations on state-law questions. *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991). A federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. *Id*. at 68; *Peltier v. Wright,* 15 F.3d 860, 861–62 (9th Cir. 1994). Yet even if a petitioner has presented a cognizable federal habeas claim, it may be foreclosed from review.

A guilty plea made knowingly, intelligently, and voluntarily generally forecloses federal habeas review of allegations of pre-plea constitutional violations. *Hudson v.*

*Moran*, 760 F.2d 1027, 1029-30 (9th Cir. 1985); *United States v. Floyd*, 108 F.3d 202, 204 (9th Cir. 1997) (an unconditional guilty plea "cures all antecedent constitutional defects"). "This rule is predicated on the idea that a valid guilty plea 'removes the issue of factual guilt from the case.'" *Lemke v. Ryan*, 719 F.3d 1093, 1097 (9th Cir. 2013) (quoting *Menna v. New York*, 423 U.S. 61, 63 n.2 (1975)). Moreover, as explained by the U.S. Supreme Court in *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), "a guilty plea represents a break in the chain of events which has preceded it in the criminal process."

A knowing, intelligent, and voluntary guilty plea, however, does not foreclose all pre-plea constitutional violations. The U.S. Supreme Court clarified that:

> [n]either *Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235, nor our earlier cases on which it relied . . . stand for the proposition that counseled guilty pleas inevitably "waive" all antecedent constitutional violations. However in *Tollett* we emphasized that waiver was not the basic ingredient of this line of cases, *id*., 411 U.S. at 266, 93 S.Ct., at 1607. The point of these cases is that a counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case. In most cases, factual guilt is a sufficient basis for the State's imposition of punishment. **A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established**.

*Menna*, 423 U.S. at 63 n.2 (emphasis added).

The Ninth Circuit has thus held that the general rule that a guilty plea forecloses pre-plea claims does not apply "when the defect in question is a 'jurisdictional' one. . . . which, judged on the face of the indictment and record, the charge in question is one which the state may not constitutionally prosecute." *United States v. Johnston*, 199 F.3d 1015, 1020 n.3 (9th Cir. 1999) (citing *United States v. Broce*, 488 U.S. 563, 574-76 (1989)); *see also United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1994) (per curiam) (guilty plea precludes all non-jurisdictional defect claims). For ease of reference and in

accordance with nomenclature used by the Ninth Circuit,[3] this Report and Recommendation refers to the exception in the preceding sentence as the "Jurisdictional Claim Exception."

The Jurisdictional Claim Exception is limited "to those cases in which the district court could determine that the government lacked the power to bring the *indictment at the time of accepting the guilty plea from the face of the indictment or from the record*." *Cortez*, 973 F.2d at 766-67 (emphasis in original) (citing *Broce*, 488 U.S. at 569, 576). Although the Ninth Circuit has recognized that it is not entirely clear what claims satisfy the Jurisdictional Claim Exception, it has held that the Jurisdictional Claim Exception applies "to claims that the statute is facially unconstitutional; or that the indictment failed to state a valid claim; or vindictive prosecution; or possibly selective prosecution." *Johnston*, 199 F.3d at 1020 n.3.

### III.  ANALYSIS OF THE PETITION
#### A. Petitioner's Guilty Plea was Knowingly, Intelligently, and Voluntarily Made

In 2010, Petitioner entered into the plea agreements for the 2007 and 2008 Criminal Cases. Although Petitioner was pro se, Petitioner was appointed advisory counsel who advised Petitioner of his rights concerning the plea agreements. (Doc. 14-1 at 64, 69). After reviewing the plea agreements with Petitioner and advising Petitioner of his constitutional rights, the trial court accepted Petitioner's guilty pleas. (*Id.* at 71-72, 74-75).

Petitioner does not allege that his guilty pleas were not knowingly, intelligently, and voluntarily made. Nothing in the record would support such an allegation. The undersigned therefore finds that Petitioner knowingly, intelligently, and voluntarily pled guilty to the offenses set forth in the plea agreements. Accordingly, Petitioner's guilty

---

[3] In *United States v. Cortez*, 973 F.2d 764, 767 (9th Cir. 1992), the Ninth Circuit used the phrase "jurisdictional claim exception" in explaining the Supreme Court case *Broce*.

pleas foreclose all claims pertaining to alleged defects occurring prior to Petitioner's guilty pleas, unless the Jurisdictional Claim Exception applies.

### B.  Ground One

In Ground One, Petitioner states "[t]hat the Respondents violated Petitioner's Due Process Rights of the 5th and 14th Amendments." (Doc. 6 at 6). To support this claim, Petitioner argues that "Respondents waited 8 years and 9 months to charge Petitioner with these crimes, which violates thier [sic] own statute of limitations: A.R.S. 13-107(B)(1), 'For a class 2 through a class 6 felony the limitations is 7 years.' . . . Both statutes of limitations and the Due Process Rights, protect suspects by foreclosing tardy prosecutions." (*Id.*).

First, a petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). Although Petitioner's Ground One references the Fifth and Fourteenth Amendment of the U.S. Constitution, it is clear that the gravamen of the claim pertains to the Arizona state court's application and interpretation of the statute of limitations set forth in ARIZ. REV. STAT. § 13-107. "[A]s a matter of constitutional law, . . . statutes of limitation go to matters of remedy, not to destruction of fundamental rights." *Chase Sec. Corp. v. Donaldson*, 325 U.S. 304, 314 (1945). Consequently, a state court's failure to properly apply a statute of limitations does not violate due process or any other provision of the Constitution or a federal statute. *See Loeblein v. Dormire*, 229 F.3d 724, 726 (8th Cir. 2000) (rejecting a claim that prosecution was time-barred by applicable state statutes of limitations because "a state court's failure properly to apply a state statute of limitations does not violate due process or, indeed, any other provision of the Constitution or a federal statute."). Moreover, the Arizona state court expressly determined that the indictments were timely under the applicable statute of limitations. (Doc. 14-1 at 50). That determination is binding on the Court. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam) ("[A] state court's interpretation of state law . . . binds a federal court sitting in habeas corpus."). As such, the claim raised in Ground One

is not reviewable in this federal habeas proceeding. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Estelle*, 502 U.S. at 67-68 (holding that federal habeas relief is not available for alleged errors in the interpretation or application of state law).

Second, Ground One pertains to an alleged defect that occurred before Petitioner pled guilty and Ground One does not fit within the Jurisdictional Claim Exception. This is because a statute of limitations defense can be waived and there is no requirement that the waiver be specific. *United States v. Littlefield*, 105 F.3d 527, 528 (9th Cir. 1997) (holding that a defendant's claim that his conviction was barred by the statute of limitations was foreclosed by the defendant's guilty plea even though the defendant did not specifically waive the statute of limitations defense); *Broce*, 488 U.S. at 573 ("conscious waiver is [not] necessary with respect to each potential defense relinquished by a plea of guilty"); *State v. Banda*, 307 P.3d 1009, 1011-12 (Ariz. Ct. App. 2013) (a statute of limitations defense in a criminal case may be waived by pleading guilty). Petitioner's guilty plea thus forecloses his claim in Ground One that he was charged after the statute of limitations had expired. For the above reasons, the undersigned recommends that the Court dismiss Ground One.

**C. Ground Two**

In Ground Two, Petitioner states "that the Respondents violated Petitioner's speed [sic] trial rights of the 6th Amendment." (Doc. 6 at 7). To support the claim, Petitioner again asserts that the State charged Petitioner after the criminal statute of limitations had expired. (*Id.*).

Although Ground Two is characterized as a federal speedy trial violation, the gravamen of the claim is Petitioner's challenge to the Arizona state court's application and interpretation of ARIZ. REV. STAT. § 13-107. The claim is therefore not cognizable on federal habeas review. *See Loeblein*, 229 F.3d at 726. Moreover, Ground Two alleges a defect that pre-dates Petitioner's plea and does not fit within the Jurisdictional Claim Exception. *See Nigro v. Evans*, 399 F.App'x 279, 280 (9th Cir. 2010) (petitioner's nolo contendere plea forecloses him from collaterally attacking alleged speedy trial violations

that occurred before he pled) (citations omitted); *Ortberg v. Moody*, 961 F.2d 135, 136-38 (9th Cir. 1992) (guilty plea barred habeas review of claims alleging, among other things, denial of right to speedy trial), *cert. denied,* 506 U.S. 878, (1992); *Bohn*, 956 F.2d at 209 (guilty plea forecloses claims under Speedy Trial Act as the right to a speedy trial under the Speedy Trial Act is non-jurisdictional). Ground Two is thus precluded from federal habeas review even if it does present a cognizable claim. Accordingly, the undersigned recommends that the Court dismiss Ground Two.

**D. Ground Three**

In Ground Three, Petitioner states "[t]hat the Respondents violated Petitioner's Equal protection right of the 14th Amendment." (Doc. 6 at 8). Petitioner argues that "the time bar statute of limitations has not been applied equally to petitioner." Petitioner argues that "[i]n Taylor v. Cruikshank, the state dismissed the [defendant's] charges for time and his case is no different then Petitioner's, the only difference is that Petitioner is defending himself." (*Id*.)

Liberally construed, it appears that Ground Three raises a federal constitutional claim of selective prosecution. To prevail on a claim of selective prosecution, a defendant must show (i) other similarly situated people were not charged with the crime he or she is accused of and (ii) the decision to charge him or her with that crime was made based on an impermissible ground, such as race or religion. *Wayte v. United States*, 470 U.S. 598, 608-09 (1985); *Belmontes v. Woodford*, 350 F.3d 861, 892-93 (9th Cir. 2003).

In *Cortez*, the Ninth Circuit recognized that selective prosecution may fit within the Jurisdictional Claim Exception in certain circumstances. 973 F.2d at 767. The Court, however, did not decide the issue as it found that the defendant's selective prosecution claim was foreclosed "regardless of its possible jurisdictional nature." The Court explained that under *Broce*, 488 U.S. at 569, 576, the Jurisdictional Claim Exception is limited to cases where it may be determined that "the government lacked the power to bring the indictment *at the time of accepting the guilty plea from the face of the*

*indictment or from the record.*" *Cortez*, 973 F.2d at 767 (emphasis in original). Because the defendant could not show facts from the indictment or the record at the plea stage that satisfy either prong of the selective prosecution test, the Court held that the defendant's guilty plea precluded him from raising the selective prosecution claim. *Id.*

Here, like in *Cortez*, Petitioner's selective prosecution claim is foreclosed regardless of its possibly jurisdictional nature. When Petitioner entered his guilty plea, nothing on the face of the indictment or in the record indicated that he was being selectively prosecuted. Accordingly, Petitioner is barred from challenging his plea on selective prosecution grounds. The undersigned thus recommends that the Court dismiss Ground Three.

## IV.  CONCLUSION

Based on the foregoing reasons, the undersigned recommends that the Court deny and dismiss the Amended Petition with prejudice.

Accordingly,

**IT IS RECOMMENDED** that the Amended Petition (Doc. 6) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability and leave to proceed in forma pauperis on appeal be denied because dismissal of the Amended Petition is justified by a plain procedural bar and because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the

District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 10th day of September, 2015.

_____
Eileen S. Willett
United States Magistrate Judge